FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 19, 2017

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 4:17-cr-06015-EFS-1 |
| Plaintiff, | |
| v. | **ORDER DENYING DEFENDANT'S MOTION TO AMEND/CORRECT JUDGMENT** |
| JESUS TORRES, | |
| Defendant. | |

Before the Court, without oral argument, is Defendant Jesus Torres' Motion to Amend/Correct Judgment, ECF No. 102. Defendant moves the Court under Federal Rule of Criminal Procedure 35(a) to amend its Judgment sentencing him to 180 months' imprisonment. *See* ECF No. 98. Defendant bases his motion on a recent decision by the Court of Appeals for the Ninth Circuit, which held that the Washington accomplice liability statute, RCW 9A.08.020(3)(a)(i)-(ii), was more inclusive than its federal generic equivalent. *See United States v. Valdivia-Flores*, No. 15-50384, 2017 WL 6044232, 5 (9th Cir. Dec. 7, 2017). Accordingly, in *Valdivia-Flores*, the petitioner's prior drug trafficking conviction under RCW 69.50.401 could not serve as an aggravated felony for the purposes of the Immigration and Naturalization Act. *Id*. at 6.

AMENDED CASE MANAGEMENT ORDER - 1

1    As the parties are aware, this Court rejected Defendant's
2 argument that a Washington conviction for delivery of a controlled
3 substance — for the same reasons as articulated by the majority of the
4 Ninth Circuit panel — could not constitute a predicate felony for the
5 purposes of a career offender enhancement. *See* ECF No. 77, 98. The
6 Court was persuaded by the reasoning articulated in *United States v.*
7 *Chavez-Nava*, where the panel rejected an identical argument because
8 the petitioner had "not shown the realistic probability of prosecution
9 as an accomplice with only a knowing *mens rea* under the drug offense
10 statute in Washington." 649 F. App'x 560, 563 (9th Cir.), cert.
11 denied, 137 S. Ct. 582, 196 L. Ed. 2d 455 (2016) (quoting *United*
12 *States v. Burgos-Ortega*, 777 F.3d 1047, 1055–56 (9th Cir. 2015). A
13 "theoretical possibility" that a defendant could be prosecuted as an
14 accomplice with only a knowing mens rea was insufficient. *Id*.

15    As such, the Court determined Defendant was a career offender
16 due to his predicate offenses, which led to a Total Offense Level of
17 31 and a Guideline range of 188 to 235 months. However, the Court
18 recognized the lack of clarity surrounding the issue and made an
19 alternative calculation under the Guidelines. Were the Defendant not a
20 career offender, the Court calculated that the quantity of
21 methamphetamine, dangerous weapon enhancement, and Defendant's
22 criminal history category led to a Total Offense Level of 29 and a
23 Guideline range of 151 to 181 months. In any event, the Court
24 explained that "even if [Defendant] is not a career offender. . . the
25 Court would nonetheless impose the same sentence" of 180 months. ECF
26 No. 99. The Court also notes that Defendant waived his right to appeal

AMENDED CASE MANAGEMENT ORDER - 2

his conviction and sentence, so long as the Court imposed a prison term no higher than 180 months. *See* ECF No. 66 at 13.

Federal Rule of Criminal Procedure 35(a) provides that "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." The Court disagrees with the majority's opinion in *Valdivia-Flores* and aligns itself with broader criticism of the categorical approach expressed in Judge O'Scannlain's special concurrence. *See* 2017 WL 604432 at 7-8. Regardless, because the Court made two Guidelines calculations and explained that its sentence would be the same regardless of Defendant's career-offender status, the subsequent publication of the *Valdivia-Flores* decision has no effect on Defendant's sentence. Thus, the Court's sentence of Defendant was not "arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a).

Accordingly, **IT IS HEREBY ORDERED:** Defendant's Motion to Amend/Correct Judgment, ECF No. 102, is **DENIED.**

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this  19th  day of December 2017.

                    ___s/Edward F. Shea_____
                           EDWARD F. SHEA
                Senior United States District Judge

AMENDED CASE MANAGEMENT ORDER - 3