FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 19, 2017

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>      v.<br><br>JESUS TORRES,<br><br>               Defendant. | No. 4:17-cr-06015-EFS-1<br><br>**ORDER DENYING DEFENDANT'S MOTION TO AMEND/CORRECT JUDGMENT** |

Before the Court, without oral argument, is Defendant Jesus Torres' Motion to Amend/Correct Judgment, ECF No. 102. Defendant moves the Court under Federal Rule of Criminal Procedure 35(a) to amend its Judgment sentencing him to 180 months' imprisonment. *See* ECF No. 98. Defendant bases his motion on a recent decision by the Court of Appeals for the Ninth Circuit, which held that the Washington accomplice liability statute, RCW 9A.08.020(3)(a)(i)-(ii), was more inclusive than its federal generic equivalent. *See United States v. Valdivia-Flores*, No. 15-50384, 2017 WL 6044232, 5 (9th Cir. Dec. 7, 2017). Accordingly, in *Valdivia-Flores*, the petitioner's prior drug trafficking conviction under RCW 69.50.401 could not serve as an aggravated felony for the purposes of the Immigration and Naturalization Act. *Id*. at 6.

AMENDED CASE MANAGEMENT ORDER - 1

As the parties are aware, this Court rejected Defendant's argument that a Washington conviction for delivery of a controlled substance — for the same reasons as articulated by the majority of the Ninth Circuit panel — could not constitute a predicate felony for the purposes of a career offender enhancement. *See* ECF No. 77, 98. The Court was persuaded by the reasoning articulated in *United States v. Chavez-Nava*, where the panel rejected an identical argument because the petitioner had "not shown the realistic probability of prosecution as an accomplice with only a knowing *mens rea* under the drug offense statute in Washington." 649 F. App'x 560, 563 (9th Cir.), cert. denied, 137 S. Ct. 582, 196 L. Ed. 2d 455 (2016) (quoting *United States v. Burgos-Ortega*, 777 F.3d 1047, 1055–56 (9th Cir. 2015). A "theoretical possibility" that a defendant could be prosecuted as an accomplice with only a knowing mens rea was insufficient. *Id*.

As such, the Court determined Defendant was a career offender due to his predicate offenses, which led to a Total Offense Level of 31 and a Guideline range of 188 to 235 months. However, the Court recognized the lack of clarity surrounding the issue and made an alternative calculation under the Guidelines. Were the Defendant not a career offender, the Court calculated that the quantity of methamphetamine, dangerous weapon enhancement, and Defendant's criminal history category led to a Total Offense Level of 29 and a Guideline range of 151 to 181 months. In any event, the Court explained that "even if [Defendant] is not a career offender. . . the Court would nonetheless impose the same sentence" of 180 months. ECF No. 99. The Court also notes that Defendant waived his right to appeal

AMENDED CASE MANAGEMENT ORDER - 2

his conviction and sentence, so long as the Court imposed a prison term no higher than 180 months. *See* ECF No. 66 at 13.

Federal Rule of Criminal Procedure 35(a) provides that "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." The Court disagrees with the majority's opinion in *Valdivia-Flores* and aligns itself with broader criticism of the categorical approach expressed in Judge O'Scannlain's special concurrence. *See* 2017 WL 604432 at 7-8. Regardless, because the Court made two Guidelines calculations and explained that its sentence would be the same regardless of Defendant's career-offender status, the subsequent publication of the *Valdivia-Flores* decision has no effect on Defendant's sentence. Thus, the Court's sentence of Defendant was not "arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a).

Accordingly, **IT IS HEREBY ORDERED:** Defendant's Motion to Amend/Correct Judgment, ECF No. 102, is **DENIED.**

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this  19th  day of December 2017.

                        ___s/Edward F. Shea_____
                              EDWARD F. SHEA
                Senior United States District Judge

AMENDED CASE MANAGEMENT ORDER - 3