UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>JESUS TORRES,<br>　　　　　　　　　Defendant. | CASE NO. 4:17-CR-06015-EFS1<br><br>**ORDER DENYING MR. TORRES' MOTION PURSUANT TO 28 U.S.C. § 2255, AND CLOSING FILE**<br><br>**Clerk's Action Required** |

　　　Before the Court, without oral argument, are Defendant Jesus Torres' multiple pro se Motions, all of which the Court has construed as being brought pursuant to 28 U.S.C. § 2255.[1] *See* ECF Nos. 120, 156 & 160. On June 27, 2018, the Court issued an order withholding ruling on Mr. Torres' motions, instructed him of their deficiencies, and provided him the opportunity to voluntarily withdraw or amend them by no later than Friday, August 3, 2018. ECF No. 162. Because Mr. Torres has not done either of these things, the Court denies his § 2255 Motions.

　　　On April 18, 2017, the Government filed an indictment charging Mr. Torres with three counts of distribution of methamphetamine. ECF No. 1. On April 24, 2017, Jeremy B. Sporn of the Federal Defender's Office appeared on Mr. Torres' behalf. After one continuance, on August

---

[1] Because Mr. Torres brings these motions pro se, the Court construes them liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

ORDER - 1

30, 2017, Mr. Torres pleaded guilty to Counts 1 and 3 of the indictment, distribution of 5 grams or more of actual (pure) methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii). ECF Nos. 64 & 66. On December 5, 2017, the Court sentenced Mr. Torres to 180 months' imprisonment on both counts, to run concurrently, to be followed by 5 years of supervised release. ECF Nos. 96 & 98. Mr. Torres is presently in the custody of the federal Bureau of Prisons.

On December 29, 2017, Mr. Torres filed his first 2255 motion. ECF No. 120. A few days later, he filed a notice of appeal of his conviction and sentence. ECF No. 141. The Court stayed Mr. Torres' § 2255 motion, ECF No. 120, because his notice of appeal deprived the Court of jurisdiction over his case, and thus, his motion. *See* ECF No. 146. Mr. Torres then filed a "response" to the Court's order staying his motion and asked for relief under § 2255. ECF No. 156. And on March 5, 2018, Mr. Torres filed a third motion, arguing that his conviction must be vacated because venue was improper. ECF No. 160. On April 16, 2018, the Ninth Circuit dismissed Mr. Torres' appeal, ECF No. 161, thus restoring this Court's jurisdiction over his pending § 2255 motions.

On June 27, 2018, the Court conducted a preliminary review of Mr. Torres' Motion. In the resulting Order, ECF No. 162, after setting forth the relevant facts and procedural history as well as the applicable law, the Court advised Mr. Torres that his motions appeared to be without merit and provided him the opportunity to voluntarily withdraw or amend them to address the identified deficiencies. Because Mr. Torres has not done so — and for the reasons stated in the Court's previous order, ECF No. 162 — the Court denies his motions.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant Jesus Torres' Motions to Vacate, Set Aside, or Correct a Sentence Pursuant to 28 U.S.C. § 2255, **ECF Nos. 120, 156, & 160**, are **DENIED**.
2. The Court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c) (allowing such a certificate "only if the applicant has made a substantial showing of the denial of a constitutional right").
3. The Clerk's office is **DIRECTED** to **CLOSE** this file.
4. The Clerk's Office is **DIRECTED** to **CLOSE** the corresponding civil action, 4:18-CV-5001-EFS.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to Mr. Torres and counsel.

**DATED** this  20th   day of August 2018.

                    ____s/Edward F. Shea___
                         EDWARD F. SHEA
                Senior United States District Judge