FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

## May 11, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>        v.<br><br>JESUS TORRES,<br><br>                    Defendant. | CASE NO. 4:17-cr-6015-EFS-1<br><br>**ORDER DENYING DEFENDANT'S MOTION TO CORRECT OR REDUCE SENTENCE UNDER 18 U.S.C. § 3582(c)(1)(A)** |

Before the Court is Defendant Jesus Torres' Motion to Correct or Reduce Sentence Under 18 U.S.C. § 3582(c)(1)(A).[1]  In the motion Mr. Torres does not explain what law or facts he believes support his request for a reduction in sentence.  Although the Court views his motion liberally, and considers legal theories in addition to compassionate release under § 3582(c)(1), the Court finds no theory under which Mr. Torres is entitled to relief.  The Court therefore denies Mr. Torres' motion.

//

/

_____

[1] ECF No. 295.

Order - 1

1

## I.    __BACKGROUND__

2          In August 2017, Mr. Torres pleaded guilty to distribution of 5 grams or more

3    of actual (pure) methamphetamine in violation of 21 U.S.C. § 841(a)(1) and

4    (b)(1)(B)(viii).[2]  While sentencing him in December 2017, the Court found that for

5    purposes of the Guidelines calculation, Mr. Torres qualified as a career offender

6    and had a Criminal History Category VI.[3]  The Court sentenced Mr. Torres to 180

7    months' imprisonment.[4]

8          In mid-December 2017, Mr. Torres filed a Motion to Amend/Correct

9    Judgment pursuant to Federal Rule of Criminal Procedure 35.[5]  The Court denied

10   the motion, noting that even if Mr. Torres were not considered a career offender, it

11   would have still imposed the same 180-month sentence.[6]  Then, starting in late

12   December 2017 and continuing into March 2018, Mr. Torres filed multiple pro se

13   motions, all of which the Court construed as being brought pursuant to 28 U.S.C.

14   § 2255.[7]

15

16   ———————————————

17   [2] ECF Nos. 64 & 66.

18   [3] ECF Nos. 88, 98, 99.

19   [4] ECF No. 98.

20   [5] ECF No. 102.

21   [6] ECF No. 106.

22   [7] *See* ECF Nos. 120, 156 & 160 (motions); ECF No. 163 (order denying the same).

23

In May 2020, Mr. Torres filed a letter, which the Court construed as a motion seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A) due to COVID-19 and the related health concerns.[8]  The Court denied the motion with right to renew.[9]  In January 2021, Mr. Torres filed another § 3582(c)(1)(A) motion, again citing circumstances related to COVID-19.[10]  In addition to other filings, the Court received and considered Mr. Torres' prison and medical records.  In March 2021, the Court denied the motion on its merits.[11]

Mr. Torres continued to file additional materials related to his request for compassionate release, and in July 2021, he filed a motion for reconsideration of the Court's March 2021 decision.[12]  In August 2021, the Court entered a text order denying the motion for reconsideration, finding that Mr. Torres "continue[d] to fail to establish extraordinary and compelling circumstances justifying compassionate release."[13]  The Court also said that if Mr. Torres "successfully sets aside his

---

[8] ECF Nos. 237, 238.

[9] ECF No. 238.

[10] ECF No. 246.

[11] ECF No. 252.

[12] ECF Nos. 255, 256, 259, 260, 266, 270.

[13] ECF No. 272.

underlying predicate offenses, he is free to file a motion arguing that sentencing

relief is appropriate."[14]

In January 2022, Mr. Torres filed the instant motion.[15]  In it, Mr. Torres

moves "for a reduction in sentence [p]ursuant to 18 [U.S.C. §] 3582."[16]  As his sole

argument, Mr. Torres asserts that the "predicate offenses relied upon in the

Presentence Investigation Report, and in computing the sentence imposed have

been vacated by the Washington State Supreme Court, as being

unconstitutional."[17]

At the Court's instruction, the Federal Defenders Office reviewed the

motion, but it determined "it would be unable to assist Mr. Torres."[18]  The Court

also provided Mr. Torres with the opportunity and extra time to file additional

arguments and/or materials if he wished to proceed with his motion pro se.[19]  To

date, the Court has not received anything further from Mr. Torres.

//

/

---

[14] ECF No. 272.

[15] ECF No. 295.

[16] ECF No. 295 at 1.

[17] ECF No. 295 at 1.

[18] ECF Nos. 296, 299.

[19] *See* ECF Nos. 296, 300.

1

## II.    <u>ANALYSIS</u>

2

Based on the Court's prior analysis and rulings, and for the reasons that

3

follow, the Court finds that Mr. Torres continues to fail to establish extraordinary

4

and compelling circumstances justifying compassionate release under 18 U.S.C.

5

§ 3582(c)(1).  The Court further finds that relief would be improper under either 18

6

U.S.C. § 3582(c)(1) or 28 U.S.C. § 2255.

7

**A.    Mr. Torres submitted orders vacating prior state-court convictions.**

8

In *Blake* the Washington State Supreme Court held that Washington's strict

9

liability drug-possession statute, RCW § 69.50.4013, was unconstitutional because

10

it criminalized unintentional, unknowing possession of controlled substances in

11

violation of the state and federal Due Process clauses.[20]  Mr. Torres included with

12

his motion copies of two orders issued by the Superior Court of Washingtion in and

13

for Benton County, each entitled "Order Affording Relief from Judgment Pursuant

14

to *State v. Blake*."[21]

15

One of the included orders pertains to a 2007 conviction in Benton County

16

Superior Court, case number 05-1-01714-1.  In that case, Mr. Torres was convicted

17

of one count of Unlawful Possession of a Controlled Substance (the "2007

18

_____

19

[20] *State v. Blake*, 197 Wash. 2d 170 (2021).

20

[21] ECF No. 295 at 2–9, 10–13.  For the purposes of deciding the instant motion, the

21

Court assumes, without finding, that the documents supplied by Mr. Torres are

22

accurate copies of valid and effective state-court orders.

23

Order - 5

Conviction").[22]  The subsequent state-court order, signed in August 2021, states, "The judgment and sentence is hereby set aside, vacated in full, and all charges therein dismissed with prejudice."[23]

In 2013, in Benton County Superior Court case number 12-1-00493-9, Mr. Torres was convicted of one count of First Degree Theft, two counts of Tampering with a Witness, and one count of Unlawful Possession of a Controlled Substance.[24]  The other order supplied by Mr. Torres, also signed in August 2021, provides that the conviction for the count of Unlawful Possession of a Controlled Substance (the "2013 Conviction") is "set aside, vacated, and the charges is/are dismissed with prejudice."[25]  The order expressly left in place Mr. Torres' convictions for First Degree Theft and Tampering with a Witness.

## B.    No relief is warranted under 18 U.S.C. § 3582(c)(1).

Modification of an imposed term of imprisonment is governed by 18 U.S.C. § 3582(c).  Section 3582(c)(1) provides as follows:

> The court may not modify a term of imprisonment once it has been imposed except that--
> (1) in any case--
>     (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the

---

[22] *See* ECF No. 88 ¶¶ 175–78.

[23] ECF No. 295 at 10.

[24] *See* ECF No. 88 ¶¶ 200–209.

[25] ECF No. 295 at 2, 4.

Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--

    (i) extraordinary and compelling reasons warrant such a reduction; or

    (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and

(B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure[.]

As mentioned above, Mr. Torres has provided no new information beyond the vacation of two prior drug-possession convictions to support his request for relief under § 3582(c)(1).  And, as discussed further below, the Court finds it would have imposed the same sentence even absent the two prior convictions at issue.  The Court therefore finds that their vacation does not amount to the requisite "extraordinary and compelling reasons" to warrant a sentence reduction; nor does such vacation alter the Court's prior analysis of the applicable § 3553 factors.  As such, the Court denies Mr. Torres' request for compassionate release under § 3582(c)(1).

**C.    Section 3582(c)(2) does not provide a basis for relief.**

Given that Mr. Torres's sole argument relates to "[t]he predicate offenses relied upon in the Presentence Investigation Report," in an effort to construe his motion liberally,[26] the Court also addresses 18 U.S.C. 3582(c)(2), which provides as follows:

> The court may not modify a term of imprisonment once it has been imposed except that--
>                . . . .
> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

When sentencing Mr. Torres and finding he qualified as a "career offender" for purposes of the Guidelines enhancement and calculation, the Court did not rely on the 2007 Conviction or 2013 Conviction—both of which were for drug *possession*. Rather, the career-offender enhancement was based on three different state-court convictions for *delivery* of a controlled substance.[27]  The Court did, however, assign two criminal history points to the 2007 Conviction and three points to the 2013

---

[26] *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

[27] *See* ECF No. 88 ¶¶ 65–69.

Order - 8

Conviction when calculating Mr. Torres' criminal history category.[28]  But even omitting those convictions, Mr. Torres would still have had 23 criminal history points, leaving his criminal history category—and the resulting Guidelines recommended sentencing range—unchanged.[29]

More importantly for purposes of § 3582(c)(2), Mr. Torres does not cite to any change in the sentencing Guidelines.  Section 3582(c)(2) allows the Court to consider only amendments to the sentencing Guidelines *by the Sentencing Commission*, not changes to Guidelines calculations based on subsequent case law or the vacation of underlying convictions as Mr. Torres seemingly argues here.[30] Even excluding the two convictions at issue—and/or even if Mr. Torres were no longer considered a career offender—such changes would not stem from an

---

[28] ECF No. 88 at 175, 200; ECF No. 99.

[29] *See* USSG § 5A (Sentencing Table) (providing that 13 or more criminal history points results in a CHC of VI).

[30] *See* 18 U.S.C. § 3582 (stating a court may modify a term of imprisonment for a defendant who was sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission").

amendment to the sentencing Guidelines, and the Court would have imposed the same sentence regardless.[31]  Thus, § 3582(c)(2) provides no basis for relief.

**D.    Mr. Torres did not receive leave to file a successive § 2255 motion.**

Finally, it appears from his motion that Mr. Torres may intend to seek the kind of relief governed by 28 U.S.C. § 2255, which is the usual mechanism by which a federal prisoner may challenge the legality of his confinement.[32]   After all, as a general matter, "a defendant given a sentence enhanced for a prior conviction is entitled to a reduction if the earlier conviction is vacated."[33]   Here, however, the Court did not enhance Mr. Torres' sentence based on either of the vacated state-court convictions he now raises.  And, in any event, because this would not be Mr. Torres' first § 2255 motion, the Court cannot properly consider granting any related relief.

---

[31] *See* ECF No. 99 (The Court stating in its Statement of Reasons for Mr. Torres' sentence that "even if he is not a career offender, in which case the guideline range would be from 151 to 188 months, the Court would nonetheless impose the same sentence.").

[32] *See Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012).

[33] *Johnson v. United States*, 544 U.S. 295, 303 (2005).

The court of appeals must grant the prisoner leave to file a "second or successive" § 2255 motion before a district court may entertain such motion.[34]  This usually requires the prisoner to show that his claim relies on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."[35]  Although this Court lacks juridiciton to rule on the matter, it observes that Mr. Torres has not made a prima facie showing that the United States Supreme Court has announced any new constitutional rule applicable to his case.

Accordingly, **IT IS HEREBY ORDERED**:

1.      Defendant's Motion to Correct or Reduce Sentence Under 18 U.S.C. § 3582(c)(1)(A), **ECF No. 295**, is **DENIED**.

2.      To the extent Defendant's motion can be read as seeking relief under 28 U.S.C. § 2255, the Court declines to issue a certificate of appealability.[36]

//

/

---

[34] *See* 28 U.S.C. §§ 2244(b)(3)(C), 2255(h); *United States v. Buenrostro*, 638 F.3d 720, 723 (9th Cir. 2011).

[35] 28 U.S.C. § 2255(h)(2).

[36] *See* 28 U.S.C. § 2253(c) (allowing such a certificate "only if the applicant has made a substantial showing of the denial of a constitutional right").

3.      This case shall remain **CLOSED**.

**IT IS SO ORDERED.**  The Clerk's Office is directed to enter this Order and provide copies to Defendant and all counsel.

**DATED** this  11th    day of May 2022.

_Edward F. Shea_
_____
EDWARD F. SHEA
Senior United States District Judge